IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES | ) |
| | ) |
| vs. | ) CR No. 13-314 |
| | ) |
| PAUL CARMAN | ) |

**MEMORANDUM ORDER**

Defendant, acting pro se, has filed a letter addressing the possibility of early release from custody due to COVID19 Concerns. The Government has filed a Response in opposition thereto. After careful consideration, and for the reasons set forth below, to the extent that Defendant's letter must be construed as a request for early release, I am denying the request as premature, without prejudice to renew once the Defendant has exhausted all of his administrative remedies.

On June 16, 2014, the Defendant pled guilty to bank robbery, in violation of 18 U.S.C. § 2113(a). On October 22, 2014, the Defendant was sentenced to a term of imprisonment of 120 months, followed by a three-year term of supervised release. The Government notes that Defendant has served just over six years of his sentence. Presently, the Defendant's letter asks "what I could do, if anything, to get out of here ahead of a COVID-19 outbreak in the institution."

A district court has limited authority to modify a sentence. The First Step Act empowers criminal defendants to request compassionate release for "extraordinary and compelling reasons." 18 U.S.C § 3582(c)(1)(A)(i).

> (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—

1

>   (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction….

18 U.S.C. §3582(c)(1)(A)(i).

As a result, before a prisoner can file a compassionate release motion, administrative rights must be exhausted. The Government avers, and the Defendant does not represent otherwise, that the Defendant has failed to either exhaust his administrative appeals or give the Bureau of Prisons ("BOP") 30 days to process his request for relief, as required by § 3582(c)(1)(A). This failure is precludes me from considering his request. Based on the FSA and binding Third Circuit case law, I find I lack the authority to excuse exhaustion.

On April 2, 2020, the United States Court of Appeals for the Third Circuit addressed the issue of a defendant's failure to exhaust the administrative requirements of Section 3582(c)(1)(A). United States v. Raia, No. 20-1033, 2020 WL 1647922 (3d Cir. Apr. 2, 2020). In Raia, the Court of Appeals held that courts cannot consider requests for compassionate release under the First Step Act until a prisoner has exhausted his administrative remedies, including allowing 30 days for the BOP to respond to a request for release. The Court of Appeals emphasized the BOP's statutory role and extensive efforts to control the spread of Covid-19 and held that the "exhaustion requirement takes on added – and critical – importance." Raia, 2020 WL 1647922, at *2. The BOP is in the best position to consider the myriad of factors necessary in rendering a decision. As mandated by the court of appeals in Raia, the BOP must be given an

opportunity to address the issues in the first instance before the Defendant can seek relief in this court.

Because the Defendant has not exhausted his administrative remedies, I need not consider whether he has demonstrated "extraordinary and compelling" reasons to support a reduction in sentence.

THEREFORE, this 23rd day of April, 2020, it is ordered that Defendant's letter motion is denied without prejudice to Defendant to renew his request once he has exhausted all of his administrative remedies.

BY THE COURT:

*Donetta F. Ambrose*

_____

Donetta W. Ambrose
United States Senior District Judge