# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES                                    )
                                                 )  13-314
     v.                                          )

PAUL CARMAN

## OPINION AND ORDER

## SYNOPSIS

In this action, Defendant pleaded guilty to one Count of bank robbery, in violation of 18 U.S.C. § 2113(a). On October 22, 2014, he was sentenced to a term of imprisonment of 120 months, followed by a three-year term of supervised release. Defendant is presently incarcerated at USP Terre Haute.[1] He has moved for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). For the following reasons, Defendant's Motion will be denied.

## OPINION

Initially, I address the threshold issue of exhaustion. The Government asserts that Defendant exhausted his remedies only with respect to a request for home confinement, and not for release. Whether Defendant has exhausted his remedies pertinent to that request, however, is not dispositive. On May 8, 2020, Defendant's counsel made a compassionate release request to the Warden on Defendant's behalf. As of June 16, 2020, the BOP had not issued a decision thereon. Defendant has met exhaustion requirements.

Defendant asserts that his health conditions constitute "extraordinary and compelling reasons" for a sentence reduction pursuant to 18 U.S.C. § 3582. "Compelling and extraordinary" reasons for reducing a sentence are "defined by the commentary to policy statement U.S.S.G. §

---

[1] According to the BOP locator, Defendant's release date is July 16, 2022.

1

1B1.13…. That commentary currently lists four categories of such reasons: (1) the defendant's medical condition; (2) the defendant's age; (3) the defendant's family circumstances; and (4) 'other reasons' …." United States v. Hawkins, No. 14-106-02, 2020 U.S. Dist. LEXIS 104755, at *5 (W.D. Pa. June 16, 2020) (quoting United States v. Handerhan, 789 F. App'x 924, 925 (3d Cir. 2019)).  A Court may grant release pursuant to amended 18 U.S.C. § 3582(c)(1)(A), provided the defendant poses no danger to the community, if the defendant is "suffering from a serious physical or medical condition." Section 3582 directs the Court to a § 3553(a) analysis "to the extent [the factors] are applicable[.]"   18 U.S.C. § 3553(a), in turn, directs the Court to consider the nature and circumstances of the offense; the history, and characteristics of the defendant; and the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence; to protect the public from further crimes of the defendant; and to provide defendant with needed training, medical care, or other correctional treatment in the most effective manner.

Defendant's medical records reflect that he suffers from asthma, for which he takes albuterol.  On April 8, 2020, his asthma was classified as "mild persistent"; elsewhere, consistent with this description, his asthma was described as "chronic."   Defendant's most recent medical report of record, on May 26, 2020, reflects that he consulted medical personnel about a tingling face and fear of shingles; upon exam, his breathing was "unlabored with equal chest rise and fall."  He was able to walk without difficulty.  Defendant's medical records make no mention of moderate or severe asthma or other respiratory illness.[2]   The Government submits an e-mail from Kimberly Julian, DCR, Acting HAS, FNP-BC, who offers an opinion that Defendant's asthma is well-controlled.  Defendant is 43 years of age.  In addition, there is no suggestion that

---

[2] Defendant does not suggest that other potential medical issues are pertinent to his Motion.  Although Defendant's Motion refers to a diagnosis of COPD, the Court did not see a COPD diagnosis in the attached medical records.

Defendant suffers from a serious functional impairment, or an aging-related condition that substantially diminishes his ability to provide self-care while incarcerated.  In terms of asthma, the Centers for Disease Control ("CDC") identifies those suffering from a "moderate-to-severe" condition as being at increased risk of severe illness from COVID-19. https://www.cdc.gov/coronavirus.

Defendant's Motion focuses on the threat of COVID-19 nationwide, and within the nationwide federal carceral system; he does not address specific conditions inside the facility where he is housed.  Defendant offers an expert declaration that addresses prisons and jails generally, but not Defendant or USP Terre Haute.  On June 3, 2020, one court reported that "USP Terre Haute currently has three positive cases out of approximately 1,319 inmates …." United States v. Eisenberg, 2020 U.S. Dist. LEXIS 96920 (D.N.H. June 3, 2020).  As of June 25, 2020, the Bureau of Prisons ("BOP") reports 5 positive inmate cases, and 0 positive staff cases, at USP Terre Haute. https://www.bop.gov/coronavirus/.  The BOP website reflects that as of June 25, 2020, USP Terre Haute has a population of 1300 inmates. https://www.bop.gov/locations/institutions/thp/.  Further, the BOP has put in place a detailed mitigation plan for federal inmates.  See https://www.bop.gov/coronavirus/.

Pertinent here is the discussion in United States v. Statom, No. 08-20669, 2020 U.S. Dist. LEXIS 89361, at **6-7 (E.D. Mich. May 21, 2020), which involved an asthmatic defendant's motion for compassionate release:

> The Court recognizes that asthma places one at greater risk for complications from COVID-19, and does not minimize the serious risks posed to incarcerated persons.  Nonetheless, [T]he court can only speculate as to whether COVID-19 is an immediate threat to Defendant at his current location. … The BOP has instituted extensive precautionary measures to mitigate the spread of COVID-19 across the federal prison system… … The court must predict whether COVID-19

will spread within FCI Terre Haute[3] despite precautionary protocols, further whether Defendant will contract COVID-19, and finally whether Defendant will develop serious symptoms, if any symptoms at all. The court must also speculate as to whether Defendant will have a greater risk of exposure in society, where there are tens of thousands of confirmed COVID-19 cases depending on the location, and whether Defendant would have superior access to healthcare to [treat] COVID-19 if released.

The Court considers other pertinent factors to the extent applicable, such as those outlined in 18 U.S.C. § 3553.  Defendant proposes release to the home of his friend, Aimee Precopia, in West Mifflin, PA, and proposes that he reside with Ms. Precopia for a fourteen-day period of quarantine; it is unclear where he would live following the quarantine period.  As numerous courts have observed, the potential for exposure exists anywhere in the community. United States v. Pritchett, No. 19-280, 2020 U.S. Dist. LEXIS 57862, at *6 (W.D. Pa. Apr. 2, 2020). Although there are certainly unique risks in the prison setting, the Court notes that West Mifflin is located in Allegheny County, which has seen a recent uptick in positive cases. https://www.alleghenyconference.org/covid-19-updates/.  At sentencing, Judge Diamond noted Defendant's inability to respond to treatment opportunities, attempted escapes, and Defendant's "almost continuous history of some form of criminal or antisocial behavior."  The Court acknowledges Defendant's evidence of positive and productive conduct while incarcerated, but also notes his criminal history, disciplinary record, and the seriousness of his offense in this case. The record presents insufficient grounds for revising Judge Diamond's assessment regarding the Section 3553 factors and appropriate sentence.

I sympathize with Defendant's situation and the risks of infection to inmates, but cannot find that Defendant has established extraordinary and compelling reasons for relief in accordance with applicable law.  See, e.g., Hawkins, No. 14-106-02, 2020 U.S. Dist. LEXIS 104755, at *13;

---

[3] FCI Terre Haute and USP Terre Haute are different facilities, but the principles articulated in Statom pertain here.

4

<u>United States v. Wheeler</u>, 2020 U.S. Dist. LEXIS 96537, *8 (D.D.C. May 29, 2020); U.S.S.G. § 1B1.13, App. Note 1.  To the extent applicable, other pertinent factors do not weigh in favor of granting Defendant's Motion.  Even taken alongside Defendant's mild and controlled asthma, speculation regarding exposure and generalized assertions of risk are insufficient to demonstrate entitlement to relief.

## CONCLUSION

In conclusion, for the foregoing reasons, Defendant's Motion will be denied.  An appropriate Order follows.

BY THE COURT:

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court

Dated: June 26, 2020

**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES | ) |
| | ) 13-314 |
| v. | |
| PAUL CARMAN | |

**ORDER OF COURT**

AND NOW, this __26th__ day of June, 2020, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion for Release/Reduced Sentence is DENIED.

BY THE COURT:

*Donetta F. Ambrose*
_____
Donetta W. Ambrose
Senior Judge, U.S. District Court